**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBY ARDELL SMITH, | No. 10-35679 |
| Petitioner - Appellant, | D.C. No. 3:08-cv-00312-HU |
| v. | |
| GUY HALL, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted January 10, 2012**
Seattle, Washington

Before: GRABER, FISHER and RAWLINSON, Circuit Judges.

Alby Ardell Smith appeals the dismissal for procedural default of his 28

U.S.C. § 2254 habeas corpus petition challenging his 2001 conviction for murder

and arson. Smith concedes that he procedurally defaulted his claims of ineffective

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

assistance of counsel, but contends that his default can be excused because he is "actually innocent." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995).

*Schlup* permits a federal court to consider a defaulted habeas claim if the petitioner demonstrates his actual innocence. This requires a petitioner to come forward with "new reliable evidence" of his actual innocence. *Id.* If the petitioner satisfies this burden, the habeas court must then consider all the evidence, old and new, and make a probabilistic determination about what reasonable, properly instructed jurors would do. *See Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc). The petitioner must "demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006).

Here, Smith may have satisfied the threshold requirement of coming forward with "new reliable evidence." Although much of his expert's report is not evidence or not new, other aspects of the report may offer new opinions on the cause and circumstances of the fire.

Even assuming that some of the evidence is new, Smith has not demonstrated that no reasonable juror considering the old and new evidence would find him guilty beyond a reasonable doubt. The opinions in his expert's report are either not evidence (because they are merely critiques of the prosecution's closing

argument), not new (because they rehash the expert's testimony during trial), cumulative (because they rehash other experts' trial testimony) or otherwise of minimal probative value. In his trial, the jury credited the prosecution's theory of the case over Smith's version. The minimal new evidence offered by Smith does not suggest that jurors would have reached a different result had they been presented with this evidence along with the evidence already in the record. Smith thus has not satisfied the requirements of the actual innocence exception.

Smith also has not shown that the district court abused its discretion by denying his motion for an evidentiary hearing. It is not an abuse of discretion to deny an evidentiary hearing if the petitioner "has not established that an evidentiary hearing would produce evidence more reliable or more probative than" the evidence already before the district court. *Griffin v. Johnson*, 350 F.3d 956, 966 (9th Cir. 2003). Smith has made no showing that an evidentiary hearing would produce anything other than a reiteration of the opinions already included in his expert's report. The district court therefore did not abuse its discretion.

**AFFIRMED.**

3